HOUSE *v.* SEALEY *et al.*

(Division A.   June 10, 1929.)

[122 So. 741.   No. 27877.]

*Gore & Gore,* of Marks, for appellant.

*Lowrey & Lamb,* of Marks, for appellees.

Argued orally by *W. E. Gore* and *N. T. Gore,* for appellant, and by *L. B. Lamb,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellees recovered judgment against the appellant in the county court of Quitman county, for the alleged breach of a contract for the construction of a house for him by the appellees. The appellant appealed to the circuit court, where the judgment of the county court was affirmed.

The declaration alleges that:

"Plaintiffs on the 14th day of February, 1928, were engaged in the business of building contractors and on said date did make and enter into a contract with the defendant J. D. House to furnish all material and labor and to construct a brick store building for defendant in consideration of the payment to plaintiffs for said labor and materials for the sum of three thousand eight hundred dollars. A copy of the contract made and entered into between plaintiffs and defendant on said date for the construction of said store building is hereto attached marked Exhibit A to this declaration and made a part hereof. Plaintiffs had submitted plans and specifications

for three different store buildings, one of which was to be constructed under said contract for the sum of three thousand eight hundred dollars, one of which was to be constructed under said contract for the sum of three thousand six hundred dollars and the other of which was to be constructed under said contract for the sum of three thousand four hundred seventy-five dollars. The defendant had the option to designate and select which of said three different store buildings should be constructed under said contract, and he, the defendant, designated that store building that plaintiffs had contracted and offered to construct for the sum of three thousand eight hundred dollars as the one to be constructed under the contract.

"The plans and specifications made a part of the contract are the plans and specifications according to which plaintiffs agreed to construct a store building for the defendant for said sum of three thousand eight hundred dollars, and are the plans and specifications designated and selected by defendant according to which said store building was to be constructed and erected under the said contract.

"After the defendant had designated which of three said plans and specifications he had adopted he directed and urged plaintiffs to enter upon the construction of said building, and plaintiffs set about to purchase and assemble the necessary material for the construction of said store building and made contracts for large quantities of building material of various kinds to be used in said store building.

It then further alleges that the defendant, the appellant, refused to permit the plaintiffs to construct the building, thereby breaking his contract, and asked damages therefor in the sum of one thousand dollars.

The contract filed as an exhibit to this declaration sets forth: "That the parties of the second part (appellees) agree to furnish all materials and labor needed and con-

struct brick store building for the party of the first part (appellant), according to plans and specifications at- tached, for the sum of three thousand eight hundred dol- lars, three thousand six hundred dollars, three thousand four hundred seventy-five dollars, optional.'' The plans and specifications for the building were also filed with the declaration. As we understand the declaration, it alleges that the contract was made pursuant to an offer - of the appellees to construct one of ''three different store buildings'' for the appellant, one for the sum of three thousand eight hundred dollars, one for the sum of three thousand six hundred dollars, and one for the sum of three thousand four hundred seventy-five dollars; that under the contract the defendant had the option of selecting any one of the buildings, and was to pay for the construction thereof the price for which the appellees agreed to construct it; that the defendant decided on and agreed to the plans and specifications attached to the contract and filed with the declaration, which plans and specifications were those on which the appellees' bid for three thousand eight hundred dollars was based.

The relevant evidence on which the case was tried, was, in substance, as follows: The appellant submitted to the appellees a written request for bids for the con- struction of a house, which reads as follows:

''Attention to Bidders:

''The owner requires three different bids on store as plan and specifications call for, drawn and planned by J. U. Sanders, Sardis, Mississippi. First bid on store with office ten by fourteen and hanging platform ten by twelve with forty feet of shelving on each side duplicate of T. M. Garrott's store with six by eight skylight placed as directed by owner. Second bid, make bid without office and platform but with forty feet of shelving on each side also six by eight skylight. Third bid, in accordance to plan with Doctor's office and waiting room, skylight, also office for store. All partitions are to be eight feet

high, made of number one ceiling with the proper molds and finish top and botton.''

It will be observed that one of the bids called for by this request was to be for the construction of a house according to the plans and specifications therein referred to, and the other two were to be for the construction of a house according to the plans and specifications after the elimination of some of the provisions thereof.

The appellees responded, in writing, to this request for bids as follows: ''We propose to furnish all materials and labor and construct your building size thirty by eighty as per plans and specifications for the sum of three thousand eight hundred dollars without office in rear but with store partitioned off for the sum of three thousand six hundred dollars. Without any partition at all but built for partition later for the sum of three thousand four hundred seventy-five dollars.''

Duplicates of the contract sued on were thereafter executed, the appellees retaining one of them and the appellant the other. According to the evidence for the appellees, after the contract was signed in duplicate, but before the parties thereto separated, and before the duplicates of the contract were delivered, the specifications for the house filed with the declaration were designated by the appellant and agreed on as the specifications according to which the building was to be constructed, and they were then attached to the appellees' duplicate of the contract. No specifications were attached to the duplicate of the contract retained by the appellant, but the original specifications on which the bids for the construction of the house were made were retained by him. The plans and specifications filed with the declaration differ from those on which the bids for the house were made, and which were retained by the appellant, in several particulars, one of which is that they do not provide for the construction of an office in the interior of the building.

At this point the evidence for the appellees is not altogether clear, for, although the specifications—which they say were agreed on, and attached to the appellees' duplicate of the contract, a copy of which was filed with their declaration—differ from those on which their bid of three thousand eight hundred dollars was based, they say that under the contract the appellant had the right to have the house built according to the plans and specifications on which their bid for three thousand six hundred dollars was made; that he exercised the right, and directed them to build the house accordingly at the time of, and contemporaneously with, the execution of the contract, and, had they built the house, they would have built it according to those specifications. They were allowed, over the appellant's objection, to recover on that basis. If the specifications filed with the declaration were attached to the contract immediately after the signing thereof, and before the execution of the contract became complete, they thereby became a part of the contract; and any oral agreement made prior to, or contemporaneously with, the execution of the contract as to other and different specifications would be inoperative under the rule that a written contract cannot be modified by a prior or contemporaneous oral agreement in conflict with its terms.

According to the evidence for the appellant, no specifications were attached to either duplicate of the contract when executed, and no agreement was thereafter made relative thereto. Appellant does say, however that under the contract he had the right to determine what specifications should be used in the construction of the building. If no specifications were attached to the contract at the time it was executed, which question was for the determination of the jury, the contract was incomplete and cannot, in the absence of a subsequent valid agreement relative thereto, be enforced. What price should be paid by the appellant for the house presents another

difficult question; but, assuming that the appellant had the right under the contract to determine the price, the evidence does not disclose that he did so. He denies having done so; and the only evidence introduced by the appellees relative thereto was as hereinbefore set forth. It is clear, however, from the contract that the appellant was to pay not less than three thousand four hundred seventy-five dollars for the construction of the house, and, in the absence of competent evidence that one of the other prices therefor set forth in the contract was agreed on, it must here control. The recovery of the appellees, if any, must therefore be on a contract for the construction of a building according to the plans and specifications filed with the declaration to cost three thousand four hundred seventy-five dollars.

It seems clear from the evidence that the appellees desired to carry out the contract, but that the appellant would not permit them so to do. The excuse here given by the appellant therefor is that they failed to comply with a provision of the contract which required a "surety bond" for the construction of the building. A bond was tendered to the appellant by the appellees with individuals thereon as sureties, but the appellant claims that the sureties thereon should have been a surety or surety companies. The contract does not so provide, for a surety may be either an individual or a corporation.

The peremptory instruction requested by the appellant was properly refused, but the county court erred in granting instructions Nos. 3, 4, 5, 6, 7, and 8 requested by the appellees. Instruction No. 3 permitted a recovery if the contract was for the construction of the house according to the specifications exhibited with the declaration "together with the plans of the inside work," which inside work was not included in the specifications attached to the declaration. Instructions Nos. 4, 5, and 8 relieved the jury of deciding whether the plans and specifications were attached to and thereby became a

part of the contract, and required the jury to return a verdict for the appellees in the event that they believed the appellees were able, ready, and willing to construct the house and were not permitted by the appellants so to do. No. 7 peremptorily fixed the price to be paid for the building of the house at three thousand eight hundred dollars, when it should have been, as hereinbefore set forth, for three thousand four hundred seventy-five dollars. No. 6 charged the jury to find for the plaintiffs if they believed "that Dr. House reserved to himself the right to eliminate and leave off certain inside work which would operate to reduce the contract price and that he failed to exercise his option but canceled the contract without a legal reason." The contract vests no such right in Dr. House; nor do the oral agreements said to have been made relative thereto, had they been admissible in evidence. This instruction, however, may have been harmless.

The judgment of the circuit court affirming the judgment of the county court will be reversed, and the cause will be remanded to the circuit court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*